# IN THE COURT OF APPEALS OF IOWA

No. 21-0437
Filed March 2, 2022

**IN THE INTEREST OF J.V.,**
**Minor Child,**

**D.B. and M.B.,**
      Petitioners-Appellees,

**J.V., Mother,**
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District

Associate Judge.

A mother challenges the private termination of her parental rights.

**REVERSED AND REMANDED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, and Sarah B.

Golwitzer of The Law Shop by Skogerson McGinn LLC, Van Meter (until

withdrawal), for appellant.

Mark R. Hinshaw of Hinshaw & Humke, P.C., West Des Moines, for

appellees.

Jeremy B. Feitelson of Feitelson Law, L.L.C., West Des Moines, attorney

and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

A mother challenges the private termination of her parental rights, alleging she did not receive statutorily-required notice of her right to counsel or of a videoconference hearing. The notice served on the mother did not comply with statutory requirements; therefore, we reverse and remand for further proceedings.

"Private termination proceedings under chapter 600A [(2020)] are reviewed de novo." *In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020).

On October 20, 2020, D.B. and M.B. filed a petition for private termination of the parental rights of the biological parents of the child J.V. A guardian ad litem was appointed to represent the child, and notice was served on each parent. The termination hearing was scheduled for February 23, 2021, at the Dallas County Courthouse. At some point, the hearing was reset to proceed by videoconference. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 20 (amended Nov. 24, 2020) (hereinafter *COVID-19 Impact on Court Services*).[1] No order setting the hearing

---

[1] Paragraph 20 of the *COVID-19 Impact on Court Services* authorized the court to order remote juvenile court proceedings:

> **Judicial Discretion Regarding Remote Technology in Certain Juvenile Proceedings.** Through June 30, 2021, juvenile courts may order that any proceeding under Iowa Code chapters 232, 232D and 600A may be conducted with the parties or participants appearing remotely by videoconference or telephone. This includes child-in-need-of-assistance adjudications, dispositional hearings, and terminations of parental rights. Any order directing a proceeding by videoconference or telephone may be entered over the objection of a party, but only after that party has an opportunity to be heard. If the juvenile court proposes a proceeding by videoconference or telephone, the presumption shall be in favor of going forth in that manner. Attorneys and self-represented litigants

for videoconference appears in the record. At the hearing, the guardian ad litem informed the court he had forwarded the videoconference link to the mother via email. The mother did not respond to the forwarded email and did not appear at the hearing. Following the hearing, the juvenile court terminated the mother's parental rights.[2]

On appeal, the mother claims she was not informed of her right to court-appointed counsel for the termination proceedings or given notice or a copy of the order changing the termination hearing from in-person to GoToMeeting.[3]

When a person files a petition for a private termination of parental rights under chapter 600A, the petitioner must serve notice on all necessary parties. Iowa Code § 600A.6(1). The notice "may be served personally or constructively" and must include "[a] statement that the person against whom a proceeding for termination of parental rights is brought shall have the right to counsel pursuant to section 600A.6A." *Id.* § 600A.6(3). The right to counsel includes the right to court-appointed counsel if the parent is indigent, and the petitioner, under some circumstances, is responsible for the reasonable attorney fees of appointed counsel. *Id.* §§ 600A.6A, .6B; *see Crowell v. State Pub. Def.*, 845 N.W.2d 676, 689 (Iowa 2014).

Neither the notice served on the mother with the petition nor the order setting the termination hearing included the required information of the mother's

---

shall articulate in their objections the reasons constituting good cause for an in-person proceeding.

[2] The father consented to the termination of his parental rights.

[3] GoToMeeting is a videoconferencing program used by the Judicial Branch for some court proceedings.

right to counsel under section 600A.6A. There is no evidence in the record the mother was informed of this important right at any time before the termination hearing. It was improper to hold the termination hearing without proof in the record the mother received notice of the information required by section 600A.6. *See In re M.S.*, No. 17-1174, 2018 WL 4627819, at *2–3 (Iowa Ct. App. Sept. 26, 2018) (considering section 600A.6 notice requirements).

We reverse the order terminating the mother's parental rights. We remand to the juvenile court to provide notice in compliance with section 600A.6, which shall be served on the mother, and proof of service placed in the record prior to any rehearing on the merits. On remand, if the mother requests the assistance of counsel and the court determines she is indigent, counsel should be appointed for her. *See* Iowa Code § 600A.6A.

In addition, the mother did not receive required notice that the hearing would be by videoconference. The parent must be served notice of "the time and place of the hearing on termination of parental rights." Iowa Code § 600A.6(3)(a). While the court has the discretion to order proceedings under Iowa Code chapter 600A be conducted by videoconference, no such order is found in the record. *See COVID-19 Impact on Court Services* at ¶ 20. Necessarily then, notice of the change was not properly served on the mother or accomplished via the Electronic Data Management System. On remand, all notice requirements under section 600A.6 must be met.

We reverse the juvenile court termination and remand for further proceedings.

**REVERSED AND REMANDED.**